Montgomery, McCracken, Walker & Rhoads, LLP
437 Madison Avenue, 24th Floor
New York, NY 10022

*Attorneys for Plaintiff*
MSC MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MSC MEDITERRANEAN SHIPPING
COMPANY, S.A.

                                                                                             Civ. Action No. 21 Civ. 10081

                       Plaintiff,

                                                                                               COMPLAINT

-against-

DEERE & CO.

                     Defendant.
-------------------------------------------------------------X

Plaintiff, MSC MEDITERRANEAN SHIPPING COMPANY SA., (hereinafter "MSC"), by its attorneys, Montgomery, McCracken, Walker & Rhoads, LLP, for its Complaint against Defendant DEERE & CO, its subsidiaries and affiliates (hereinafter "DEERE") upon information and belief, alleges as follows:

**PARTIES**

1. At all material times Plaintiff, MSC, was and still is a corporation or other business entity organized and existing under and by virtue of the laws of Switzerland, with an office and place of business at 12-14 Chemin Rieu, 1208, Geneva, Switzerland, and is engaged amongst other things in the business as a carrier for transport of good by sea globally, and is an owner, charterer and/or operator of containerized vessels for the transport of said goods, including to and from the United States. MSC is considered to be a Vessel-Operating Common Carrier (VOCC) by the United States Federal Maritime Commission ("FMC"), and has filed with the FMC its tariff of charges for ocean

transportation as required under 46 CFR § 520.3[1], which is open for public inspection, shows all rates, charges, classification, rules and practices between all points or ports of its service routes. The general tariff for MSC can be found at: https://rates.descartes.com/rates/etinfo.html. The filing of the tariff is designed to make sure that there is no discrimination in the rates charged to customers of MSC. MSC operates in the United States through its general agent, MEDITERRANEAN SHIPPING COMPANY (USA) INC., whose office is located at 420 Fifth Avenue, New York, N.Y. 10018.

2.      At all material times, Defendant, DEERE, is a company organized and existing under the laws of Delaware, with its headquarters located at One John Deere Place, Moline, Illinois, and is engaged in the development, manufacture and domestic, as well as international sale of agriculture, construction and forestry equipment and machinery, amongst other things.

## SUBJECT MATTER AND PERSONAL JURISDICTION

3.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

5.      The Court has also jurisdiction pursuant to clauses 29 and 30 of the applicable "DEERE OCEAN CARRIAGE AND SERVICES AGREEMENT" (hereinafter "Service Agreement") signed on August 29, 2016, a confidential agreement, which provides that the parties agree that any disputes arising hereunder shall be resolved in the United States District Court for the Southern District of New York.

---

[1] See, https://www2.fmc.gov/FMC1Users/scripts/ExtReports.asp?tariffClass=vocc

**FACTUAL BACKGROUND & CLAIMS FOR RELIEF**

6.   On or about January of 2016, Defendant DEERE and Plaintiff MSC engaged in negotiations to enter into a Service Agreement as regulated by the FMC. As provided in 46 U.S.C. § 40502, a Service Agreement is a confidential and private agreement between a carrier and a shipper (generally, the party for whom the ocean transportation of cargo is provided, but defined more fully under 46 U.S.C. § 40102 (23)), so as to allow for transportation charges that are less than the rates set forth in MSC's general tariff based upon commitment by the shipper to ship a minimum volume of cargo over specified period of time. 46 U.S.C. § 40501 (d).

7.   On August 10, 2016 MSC and DEERE entered into the Service Agreement.

8.   On August 29, and September 9, 2016 respectively representatives for DEERE and MSC executed the Service Agreement on behalf of the two companies. The Service Agreement became effective on November 1, 2016 for a period of three years.

9.   The Service Agreement was filed with the FMC and not opposed.

10.   Under the terms of the Service Agreement, MSC is defined as the "carrier" and DEERE & CO is defined as the "shipper".

11.   Clause 7.1 of the Service Agreement, provides in relevant parts that:

> *"Deere agrees to tender for shipment on Carrier's Vessels a minimum of 9000 TEU each year during the term of this Agreement (hereinafter referred to as the "Minimum Quantity Commitment" or "MQC"." (emphasis supplied).*

12.   A "TEU" is not defined in the Service Agreement but it is understood within the custom and practice of the ocean transportation industry to mean a container used for ocean transport of cargo that is 20 feet in length. A 40-foot container would be the equivalent of 2 TEUs.

13.   The word "tender" is not defined in the Service Agreement, but is understood within the custom and practice of the ocean transportation industry to mean the amount of TEU's offered by

DEERE or its affiliates (Sec. 4.1) to MSC and ultimately shipped on MSC vessels within an annual period.

14. The Service Agreement expired on October 31, 2019.

15. DEERE was and is a party to several other competing agreements with other carriers involving many of the same ports that were covered by the subject Service Agreement.

16. During the three-year period of the subject Service Agreement, in accordance with clause 7.1, Defendant DEERE should have tendered a minimum of 27,000 TEUs of cargo for carriage by MSC, and paid the agreed upon reduced freight charges according to the terms of the Service Contract. In fact, during the three-year period, DEERE tendered only 19,576 TEUs to MSC for carriage. See Exhibit. A.

17. The reduced freight rate that MSC granted to DEERE was negotiated based on the higher number of over 13,000 TEUs per year that DEERE had projected would have been tendered to MSC for shipment.

18. By reason of its failure to tender an additional 7,424 TEUS to MSC during the three-year period of Service Agreement, and to pay the agreed upon freight charges for those 7,424 TEUs, DEERE breached its MQC commitment under clause 7.1 of the Service Agreement while still receiving the financial benefit of the reduced rate.

19. Clause 7.3 of the Service Agreement provided that MSC was entitled to recover liquidated damages of US $200 per TEU for each TEU that DEERE failed to tender:

> *"If DEERE does not tender its MQC during any year under the Agreement, DEERE may transfer up to one third of its MQC (or such higher amount as the parties agree) into the following year's MQC, and DEERE shall accrue liquidated damages in the amount of USD $200 per TEU if for the amount DEERE is short of the MQC (for clarity, exclusive of amounts transferred to the following years MQC). Accrued liquidated damages under this section shall be payable within thirty (30) days following each anniversary of the Effective Date."*

20. DEERE has offered no evidence of any defense as to why it did not tender the additional 7,424 TEUs over the three-year period of the contract.

21. The liquidated damages due from DEERE to MSC for the failure to ship the additional 7.424 TEU's amounts to $1,484,800.00.

22. On November 25, 2019 MSC issued invoice number CH1911730215G to DEERE in the amount of $1,484,800.00. See Exhibit. B.

23. DEERE acknowledged receipt of the invoice but has to this day refused to pay any part of said invoice.

24. As a consequence of DEERE's breach of contract, Plaintiff has been damaged in the amount of $1,484,800.00.

25. Plaintiff, MSC, has fully performed its duties under the terms and conditions of the Service Agreement and of any other applicable agreement. Efforts to negotiate a settlement and establish a mediation under clause 30.1 and 30.2 of the Service Agreement have failed.

## COUNT I – BREACH OF CONTRACT

26. MSC repeats and re-alleges all allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

27. DEERE had an obligation under the Service Agreement to tender for shipment to MSC a minimum of 27,000 TEUs of cargo.

28. By only tendering 19,576 TEUs to MSC, DEERE breached its contractual obligations under the Service Agreement by falling short by 7,424 TEUs and failing to pay any freight on those 7,424 TEUs.

29. MSC has performed all of its obligations under the Service Agreement.

30. As a result of DEERE's breach of its contractual obligations under the Service Agreement, MSC has suffered damages in the amount of $1,484,800.00.

31. Therefore, DEERE is liable to MSC for damages in the amount of no less than $1,484,800.00, plus interests and costs.

## COUNT II – BREACH OF CONTRACT

32. MSC repeats and re-alleges all allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. MSC conferred a benefit upon DEERE in good faith by providing DEERE with a reduced freight rate.

34. DEERE accepted and received the benefit of the reduced freight rate.

35. DEERE has been unjustly enriched by receiving the benefit of the reduced freight rate while failing to even meet the MQC.

36. DEERE would have had to pay a higher rate to ship the number of TEUs they ultimately shipped.

37. Accordingly, MSC is entitled to a judgment against DEERE in amount to be determined at trial for the amounts by which DEERE has been unjustly enriched by its benefitting of a reduced freight rate.

## COUNT III – UNJUST ENRICHMENT

38. MSC repeats and re-alleges all allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. Had DEERE not entered into a service agreement with MSC it would have had to pay the standard tariff rate that applied to the routes that are indicated in the Service Agreement.

40. DEERE accepted and received the benefit of the reduced freight rate agreed to in the Service Agreement so as to avoid paying the standard tariff rate otherwise applicable to the individual shipments of cargo.

41. DEERE has been unjustly enriched by receiving the benefit of the reduced freight rate while failing to even meet the MQC under the under the service Agreement.

42. DEERE would have had to pay a higher standard tariff rate to ship the number of TEUs they ultimately shipped.

43. Accordingly, MSC is entitled to a judgment against DEERE in amount to be determined at trial for the amounts by which DEERE has been unjustly enriched by its benefitting of a reduced freight rate.

WHEREFORE, Plaintiff MSC prays:

a) That process in due form of law may issue against Defendant DEERE citing them to appear and answer all and singular the matters aforesaid;

b) That judgment be entered in favor of Plaintiff, MSC, against Defendant, DEERE, in the amount of at least US $1,484,400.00, and for any and all other proximately caused damages;

c) That Plaintiff MSC be awarded interest, costs, disbursements, and reasonable attorney's fees in an amount to be determined at trial; and

d) Such other and further relief that this Court may deem just and proper under the circumstances.

Dated: New York, New York
November 26, 2021

                                                    Respectfully submitted,

                                                    Montgomery McCracken Walker & Rhoads LLP
                                                    *Attorneys for Plaintiff*

By:     /s/ Vincent M. DeOrchis
            Vincent M. DeOrchis
            vdeorchis@mmwr.com
            437 Madison Avenue, 24th Floor
            New York, NY 10022
            Office: (212) 867-9500
            Direct: (212) 551-7730